UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLATHEAD-MICHIGAN I, LLC,        No. 09-14043

    Plaintiff,        District Judge David M. Lawson
v.        Magistrate Judge R. Steven Whalen

THE PENNINSULA DEVELOPMENT,
L.L.C., ET AL.,

    Defendants.
                                              /

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Flathead's *Motion for Default Judgment as to Defendant John Schaefer's Bobcat & Cement Services, Inc.* [Doc. #132], filed April 26, 2010, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the motion be DENIED, and that the Clerk's entry of default [Doc. #130] be SET ASIDE.

**I. BACKGROUND FACTS**

Plaintiff Flathead-Michigan I, L.L.C. ("Flathead") a Delaware corporation, filed suit in this Court on October 13, 2009, alleging that Defendant Penninsula Development, L.L.C. ("Penninsula"), a Michigan limited liability company, defaulted on its loan obligations under the terms of August, 2005 and September, 2007 construction and term loan agreements with Fifth Third Bank ("Fifth Third") on Penninsula's Livingston County real property development. *Complaint*, ¶¶25-37.

On December 31, 2008, Plaintiff acquired the entire loan portfolio from Fifth Third. *Id.* at ¶38. Plaintiff alleges that Penninsula breached the terms of its loan obligations by delivering a quit

claim deed to an affiliate corporation on June 15, 2009. *Id.* at ¶43. Plaintiff alleges further that Penninsula also defaulted on its payment obligations; that it failed to pay real estate taxes on the property for the years of 2006, 2007, and 2008; and failed to pay numerous contractors performing work on the property. *Id.* at ¶¶44-45. Plaintiff also alleges that personal guarantors, Defendants Marcus W. Yono and Francis F. Yono, breached the Guaranties by failing to pay Penninsula's indebtedness. *Id.* at ¶46.

The Complaint names Defendant John Schaefer's Bobcat & Cement Services, Inc. ("Bobcat") among the 38 "construction defendants" who previously recorded liens with the Livingston County Register of Deeds. *Id.* at ¶81 (a-ll). The Complaint states that Bobcat filed a construction lien, recorded July 13, 2007, in the amount of $15,199.000 as to Units 50, 51 and 52 of the property in question.

On April 22, 2010, a Clerk's entry of default was filed against Bobcat. *Doc.#130.* Plaintiff filed the present motion four days later, on April 26, 2010. On November 3, 2010, the Court ordered the parties to file supplemental briefs addressing "the factors affecting the Court's discretion in determining whether a default judgment should enter pursuant to Fed. R. Civ. P. 55(b)(2)." *Doc. #163*. This Court also noted that the parties had not "addressed whether Plaintiff Flathead will suffer any prejudice if the default is set aside, or whether Schaefer's Bobcat has any meritorious defenses in this case." *Id*. In its supplemental brief [Doc. #170], Defendant Bobcat asks the Court to set aside the Clerk's entry of default.

## II. STANDARD OF REVIEW

Motions for default judgment are governed by Fed.R.Civ.P. 55(b)(2). As the Court observed in its November 3, 2010 order requesting supplemental briefs [*Doc. #163*, p. 3], the factors to be

-2-

considered in a Rule 55(b)(2) motion "are in accord with those a court considers when deciding whether to set aside an entry of default under Rule 55(c)." *See Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 1998 WL 417510, *2 (S.D.N.Y. 1998) (Sotomayor, J.) ("The natural antithesis to a motion to set aside a default under Fed. R. Civ. P. 55(c) is one to enter default judgment under Fed. R. Civ. P. 55(b)(2). The court considers factors identical to those for determining whether to set aside a default."). The appropriate standard of review, then, is Rule 55(c).

Fed.R. Civ.P. 55(c) sets forth a relatively relaxed "good cause" standard for setting aside a Clerk's entry of default. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010). In *O.J. Distrib., Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir.2003), the Sixth Circuit described the Rule 55(c) standard as follows:

> "[T]he district court enjoys considerable latitude under the "good cause shown" standard of Rule 55(c) to grant a defendant relief from a default entry. The criteria used to determine whether "good cause" has been shown for purposes of granting a motion under Rule 55(c) are whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." (internal quotation marks, citations, and footnote omitted.).

A court reviewing a Rule 55(c) motion (and its analog, a Rule 55(b)(2) motion) should be "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $22,050.00 U.S. Currency, supra*, 595 F.3d at 322.

### III.  ANALYSIS

Defendant Bobcat has demonstrated the "good cause" required for defeating the Plaintiff's motion for default judgment under Rule 55(b)(2), and for setting aside the Clerk's default under Rule 55(c).

As to the "prejudice" factor, Plaintiff's counsel notes that Defendant's counsel stated that he would "promptly file an appearance and answer" following a March 25, 2010 status conference. *Reply, Docket #143* at 3. A Clerk's entry of default was entered on April 22, 2010. *Doc#130.* Plaintiff filed the present motion four days later. *Doc. #132.* Defendant timely responded on May 7. *Doc. #141.* There was not an undue passage of time, and in any event, "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice." *Burrell v. Henderson,* 434 F.3d 826, 835 (6th Cir. 2006), citing *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). There is no evidence that Plaintiff will be otherwise prejudiced if the motion for default judgment is denied. In addition, Defendant argues persuasively that Plaintiff would not prejudiced by the setting aside of the entry of default because:

> The only issue in this case is whether Plaintiffs mortgage has priority over Defendant Schaefer's construction lien. This is the same exact issue that will have to be tried in this case relating to the other construction lien claimants in this matter including, but not limited to M.C. Guthrie Lumber Co. Therefore, there is no surprise to Plaintiff and Plaintiff will not be prejudiced in this matter. The same exact evidence provided by M.C. Guthrie Co. is the same exact evidence that will be provided by Defendant Schaefer.

*Defendant's Supplemental Brief* at 3-4.

The second factor examines whether the defendant has a meritorious defense. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)(internal quotations and citations omitted) (emphasis in original). Further, "[i]f a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson, supra*, 434 F.3d at 834. In this case, Defendant has adopted M. C. Gutherie Lumber Co.'s summary judgment argument that because visible improvements were made to the property in controversy before the recording of the 2005 mortgage, the construction liens take priority over the Plaintiff's

interest. *Motion for Summary Judgment, Doc. #158* (citing M.C.L. 570.1119(3)). While the Court is not ruling on M.C. Gutherie Lumber Co.'s motion at this time, Defendant has shown, at a minimum, that it has a defense that is good at law, and there is "*some possibility*" of success on the merits.[1]

The final factor under Rule 55(c) is whether the default was willful. Bobcat's counsel argues that he delayed filing an appearance and answering the claim because he relied on opposing counsel's assurances that he would be provided with "the provided with the priority of lien claimants including priority between Plaintiff's mortgage and Defendant's lien." *Response* at 3. Defense counsel's professed reliance on opposing counsel's assurances that he would be provided with initial disclosures, considered in tandem with his attendance at a March 25, 2010 status conference on behalf of his client and his diligence in recording his client's interests in the property (*Complaint,* ¶81(q)) weigh in favor of a finding that at worst, he is guilty of excusable neglect.[2]

Defendant has satisfied the requirements of setting aside a Clerk's entry of default, thus defeating a motion for default judgment. Plaintiff's motion for default judgment should be denied, and the Clerk's entry of default should be set aside.

---

[1] Bobcat has now shown two of the three factors necessary to set aside a Clerk's entry of default under Rule 55(c). *O.J. Distrib., Inc., supra*. Plaintiff's motion for default judgment may be denied on this basis alone.

[2] I recognize that "excusable neglect" is a Rule 60(b) concept that would defeat a claim that a default judgment was due to a defendant's "culpable conduct." "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell* at 832. For purposes of the present motion, finding of "excusable neglect" would also defeat a claim under Rule 55(c) that the Defendant's conduct was willful.

### III.   CONCLUSION

For these reasons,  I recommend that Plaintiff's motion for default judgment [Doc. #132] be DENIED, and that the Clerk's entry of default [Doc. #130] be SET ASIDE. I further recommend that Defendant Schaeffer's Bobcat be ordered to answer the complaint within 14 days of the Court's final disposition of this motion.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

> s/R. Steven Whalen
> R. STEVEN WHALEN
> UNITED STATES MAGISTRATE JUDGE

Date: February 18, 2011

## CERTIFICATE OF SERVICE

I hereby certify on February 18, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 18, 2011: **None.**

                                                s/Michael E. Lang
                                                Deputy Clerk to
                                                Magistrate Judge R. Steven Whalen
                                                (313) 234-5217