UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLATHEAD-MICHIGAN I, LLC,  No. 09-14043

       Plaintiff,  District Judge David M. Lawson
v.  Magistrate Judge R. Steven Whalen

THE PENNINSULA DEVELOPMENT,
L.L.C., ET AL.,

       Defendants.
                                                   /

**ORDER DENYING MOTION FOR LEAVE TO AMEND**

Before the Court is *Motion for Leave to Amend Responsive Pleadings* [Doc. #142] filed on May 12, 2010 by Defendant Penninsula Development I, L.L.C., Marcus W. Yono and Francis F. Yono. For the reasons set forth below, the motion will be DENIED.

**I. BACKGROUND FACTS**

Plaintiff Flathead-Michigan I, L.L.C. ("Flathead") a Delaware corporation, filed suit in this Court on October 13, 2009, alleging that Defendant Penninsula Development, L.L.C. ("Penninsula"), a Michigan limited liability company, defaulted on its loan obligations under the terms of August, 2005 and September, 2007 construction and term loan agreements with Fifth Third Bank ("Fifth Third") on Penninsula's Livingston County real property development. *Complaint,* ¶¶25-37.

On December 31, 2008, Plaintiff acquired the entire loan portfolio from Fifth Third. *Id.* at ¶38. Plaintiff alleges that Penninsula breached the terms of its loan obligations by delivering a quit claim deed to an affiliate corporation on June 15, 2009. *Id.* at ¶43. Plaintiff alleges further that Penninsula also defaulted on its payment obligations; that it failed to pay real estate taxes on the property for the years of 2006, 2007, and 2008; and failed to pay numerous contractors performing work on the property. *Id.* at ¶¶44-45. Plaintiff alleges that personal guarantors of the loans, Defendants Marcus W. Yono and Francis F. Yono, breached the guaranties by failing to pay Penninsula's indebtedness. *Id.* at ¶46.

On December 9, 2009, I appointed John A. Latessa, Jr., c/o CB Richard Ellis as receiver. *Doc. #35.* On June 22, 2010, Defendant Francis F. Yono filed a suggestion of bankruptcy. *Doc. #151.* The present motion seeks to add special and affirmative defenses as well as a counterclaim.

## II. STANDARD OF REVIEW

Under Fed.R.Civ.P. 15(a) motions to amend are addressed to the Court's discretion. In deciding whether to allow an amendment, "the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Electric Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir.2001). Despite the general rule of liberality with which leave to amend is to be granted, the Sixth Circuit has held that when a proposed amended complaint would not survive a motion to dismiss, *see Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the court may properly deny the amendment. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000); *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382-83 (6th Cir.1993).

### III. ANALYSIS

Plaintiff argues only that the proposed amendments are futile. As such, the Court need not consider whether the proposed amendments were timely, made in bad faith or would result in prejudice to the other parties.

#### A. The Defenses

Striking or denying a motion to add an affirmative defense "is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery Services*, LLC 2010 WL 4483375, *2 (E.D.Mich.2010)(Duggan, J.)(*citing United States Sec. & Exch. Comm'n v. Thorn,* No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D.Ohio 2002); *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.,* 961 F.Supp. 1078, 1083 (W.D.Mich.1997)(internal citations omitted). However, the Sixth Circuit has not determined

-2-

whether the pleading standard set forth in *Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)) (requiring factual allegations as opposed to legal conclusions) applies to affirmative defenses. *Hahn* at *2; Fed. R. Civ. P. 8(b); *Ruffin v. Frito-Lay, Inc.*, 2010 WL 2663185, *2 (E.D.Mich.2010)(Binder, M.J.). Because Defendants' proposed defenses would be futile under the more deferential pre-*Iqbal* standard, the Court need not determine whether *Iqbal* applies to the present defenses.

Defendants propose the following defenses.

### 1. Failure to State a Claim

Defendants' arguments (devoted in large part to the defenses of commercial impossibility, impracticability or *force majeure*) do not address grounds for dismissal under 12(b)(6).

Because this "boilerplate" defense "has not been clarified or fleshed out" and "would not pass muster under either the 'fair notice' or the *Twombly/Igbal* standard, it should be denied." *Ruffin*, *supra* 2010 WL 2663185, *2 (noting that Fed. R. Civ. P. 12(h) would nonetheless allow Defendant to resubmit the same defense in a motion to dismiss or at trial).

### 2-3. Unjust Enrichment

Defendants assert that the Plaintiff's claims are barred by the fact that the original mortgagee, Fifth Third Bank, "is believed to have received billions of dollars from the United States Government pursuant to the U.S. Department of Treasury's Troubled Asset Relief Program ("TARP") and some of these funds could or should have been specifically applied to [Pennisula's] Mortgage Loan." *Defendants' Proposed Amended Answer* at 13. They contend that "Flathead's maintenance of this action, when its predecessor-in-interest has already received compensation from the U.S. Treasury unjustly enriches Flathead, to the detriment of [Defendants]." *Id.* at 14.

"In order to sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the

-3-

retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich.App. 463, 478, 666 N.W.2d 271, 280 (2003)(citing *Barber v. SMH (US), Inc.,* 202 Mich.App. 366, 375, 509 N.W.2d 791 (1993)). "If this is established, the law will imply a contract in order to prevent unjust enrichment." *Id.* (citing *Martin v. East Lansing School Dist.,* 193 Mich.App. 166, 177, 483 N.W.2d 656 (1992)). "However, a contract will be implied *only if there is no express contract covering the same subject matter.*" *Id.* (emphasis added).

Defendant Penninsula's loan agreements with the original lender, Fifth Third, and the guarantees by Marcus Yono and Francis Yono constitute express contracts. *Kevelighan v. Trott & Trott*, *P.C.* 2011 WL 164539, *5 (E.D.Mich.2011). The fact that the right to foreclose was assigned to Plaintiff (as permitted under the agreements) does not change the terms of the express contract. "Because the Court may not imply a contract where one already exists," the defense of unjust enrichment is without merit. *Id.*

Substantively speaking, Defendants do not dispute Plaintiff's responsive argument that the Penninsula portfolio was *not* among the mortgage assets purchased under TARP. *Plaintiff's Response* at 5-6. Finally Plaintiff notes that "[i]f Fifth Third in fact received TARP funds in relation to the loan portfolio at issue, it would have been through a sale of that portfolio to the U.S. Government," and thus, Defendants' obligations "would simply be due the U.S. Government." *Id.* at 6. They reiterate that TARP funds received by Fifth Third "were not . . . used to discharge the Defendants' obligations under the Loan Documents." *Id.* Under this set of facts, the unjust enrichment defense is both legally and factually without merit.

### 4. Commercial Frustration, Commercial Impracticability, Impossibility and Force Majeure

The defenses of commercial frustration, commercial impracticability, impossibility, and force majeure are based on the Defendants' argument that the economic downturn of 2008 prevented them from complying with the terms of the loans/guarantees. They argue that these defenses bar Flathead's claim because "the parties original intent has been rendered virtually impossible to

perform based upon unforeseeable international economic events beyond normal cyclical variations." *Defendants' Proposed Amended Answer* at 14. Citing Seventh Circuit case law, they contend that "'[i]f no one could have foreseen the extent of the credit crunch in 2008 - and it really makes performance impossible,' then one may rely on the defense of commercial impossibility." *Defendants' Brief* at 17 (citing *Hoosier Energy Rural Electric Corp. v. John Hancock Life Ins. Co.*, 582 F. 3d 721, 729 (7th Cir. 2009)).

The elements of a frustration of purpose defense are as follows: "(1) the contract must be at least partially executory; (2) the frustrated party's purpose in making the contract must have been known to both parties when the contract was made; (3) this purpose must have been basically frustrated by an event not reasonably foreseeable at the time the contract was made, the occurrence of which has not been due to the fault of the frustrated party and the risk of which was not assumed by him." *Liggett Restaurant Group, Inc. v. City of Pontiac,* 260 Mich.App. 127, 134-135, 676 N.W.2d 633, 637 (2003); *Restatement Contracts,* 2d § 265 p. 334-335. "It is not enough that the transaction has become less profitable for the affected party or even that he will sustain a loss." *Seaboard Lumber Co. v. U.S.,* 41 Fed.Cl. 401, 417 (Fed.Cl.1998). "The frustration must be so severe that it is not fairly to be regarded as within the risks that he assumed under the contract." *Id*

Defendants' claim that the 2008 economic fallout satisfies the frustration of purpose defense is unavailing. "[A] lack of profit is generally insufficient to frustrate the purpose of a contract." *Id.* at 418. *Seaboard,* in rejecting a contractor's argument that it was it was not obligated to fulfill its contract obligations because of market fluctuations, noted that "[this] argument, taken to its logical conclusion, would require the court to eliminate virtually all risk from commercial contracting by allowing any contractor to escape its obligations if market conditions eliminated its hope of obtaining a profit." While the economic downturn of 2008 may have "frustrated" Defendants' expectations of a profit, it was not "unforeseeable" under the terms of the loans. Thus, the defense of "frustration of purpose" is unavailable.

For virtually identical reasons, Defendants will not be permitted to add the overlapping defenses of commercial impracticability, impossibility and force majeure. As to impracticability, *Restatement Second of Contracts* § 261 (1981) states that if "after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate to the contrary." *Id.* *Seaboard, supra,* citing comment b to the same section of the Restatement notes that "'the continuation of existing market conditions and of the financial situation of the parties are ordinarily not such assumptions, so that mere market shifts or financial ability do not usually effect discharge under the rule stated in this section.'" 41 Fed.Cl. at 416. The court reasoned that "[i]f contracts were found to be breachable under such circumstances, there would be few contract breaches which could not be defended against based on such a claim. The state of the market is one of the things on which the parties are gambling when the contract . . . is made." *Id.* at 416-417.

As to impossibility, "unexpected financial difficulty, expense or hardship does not excuse a contractual promissor from performing his undertaking when the contract does not provide otherwise." *Covenant Medical Management, Inc. v. Knepper* 2006 WL 3333021, *5 (E.D.Tenn.2006)(relying on 84 A.L.R.2d 12, Contracts-Performance Impossibility, § 23 (1962)); *Roberts v. Farmers Ins. Exchange,* 275 Mich.App. 58, 73-74, 737 N.W.2d 332, 342 (2007)(supervening impossibility requires a "showing of impracticability because of extreme and unreasonable difficulty, expense, injury or loss involved" provided that "the supervening event producing impossibility was or was not reasonably foreseeable when he entered into the contract"). *Hoosier Energy, supra,* 582 F.3d 721, finding possible merit in the defense of impossibility (pertaining to a dispute concerning Hoosier's duties under the agreement) is inapplicable here. The *Hoosier* court noted that the defense of impossibility was unavailable for the mere failure to repay a loan:

> That Hoosier Energy found itself unable to borrow money to roll over the loan would not excuse repayment; the 'impossibility' doctrine never justifies failure to make a payment, because financial distress differs from impossibility.

*Id.* at 728 (citing *Restatement Second of Contracts* § 261 & comment d).

Because the economic fluctuations of the past three years were not "unforeseeable," and Defendants have not supplied reasons other than the economic downturn for the loan default, this defense is unavailable. The defense of force majeure, inapplicable to financial hardships, is also unavailable.[1] *See Chainworks, Inc. v. Webco Industries, Inc*. 2006 WL 461251, *10, fn 10 (W.D.Mich.,2006)(citing *Publicker Indus. v. Union Carbide Corp.,* 17 UCC Rep. Serv. 989 (E.D.Pa.1975)("loss of $5.8 million did not render contract impracticable or excuse performance under force majeure clause).

### 5. Laches, Estoppel, Unclean Hands, and Breach of Good Faith and Fair Dealing

Defendants' brief is absent all mention of the defenses of laches, estoppel, unclean hands, or breach of good faith and fair dealing.

Laches is defined as "'a negligent and unintentional failure to protect one's rights.'" *Chirco v. Crosswinds Communities, Inc.* 474 F.3d 227, 231 (6th Cir. 2007)(citing *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.,* 936 F.2d 889, 894 (6th Cir.1991)). "'A party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it.'" *Id.* (citing *Herman Miller, Inc. v. Palazzetti Imports and Exports, Inc.,* 270 F.3d 298, 320 (6th Cir.2001)). *See also Township of Yankee Springs v. Fox,* 264 Mich.App. 604, 611-612, 692 N.W.2d 728, 733-734 (2004)("The doctrine of laches is concerned with unreasonable delay that results in circumstances that would render inequitable any grant of relief to the dilatory plaintiff" requiring "the passage of time combined with a change in condition that would make it inequitable to enforce the claim against the defendant")(internal citations omitted). Because Defendants' do not allege that Plaintiff sat on its rights, the motion to add this defense is denied.

---

[1] The loan agreements do not contain a "force majeure" clause.

To show estoppel, "(1) a party, by representations, admissions, or silence, intentionally or negligently, induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts." *Jonco Trading Co. Inc v. Post-Newsweek Stations Michigan Inc.* 2010 WL 4977998, *7 (2010)(citing *Lakeside Oakland Dev., LC v. H & J Beef Co.,* 249 Mich.App. 517, 527-528, 644 N.W.2d 765 (2002)). By no stretch of the imagination can a factual or legal basis for the defense of estoppel be inferred from Defendants' brief. Therefore, the motion to add this defense is denied.

To the extent that the defenses of "unclean hands" and "breach of good faith and fair dealing," can be construed from Defendants' argument that Third Fifth was reimbursed for the loans with TARP funds, I note again that Defendants did not respond to Plaintiff's flat denial that the Penninsula portfolio was among the mortgage assets purchased under TARP. Defendants have failed to provide a factual basis for this defense. *See Plaintiff's Response* at 5-6. Independent of the "TARP" theory, Defendant does not explain its "unclean hands" or breach of good faith defenses. The motion to add these defenses will also be denied as futile. *See Rose,* 203 F.3d at 420 (6th Cir. 2000).

### 6. Defendants' "Actions And/Or Inactions Were Not the Sole or Proximate Cause of Any Alleged Damages Sustained" by Either Plaintiff of Fifth Third.

Defendants have also failed to explain how they would not be considered the sole or proximate cause of Plaintiff's damages. *See Chelsea Inv. Group LLC v. Chelsea,* 288 Mich.App. 239, 254, 792 N.W.2d 781, 792 (2010)(citing *Alan Custom Homes, Inc. v. Krol,* 256 Mich.App. 505, 512, 667 N.W.2d 379 (2003)). To the extent that Defendants are revisiting their argument that poor economic conditions made repayment of the loan impossible, this defense is unavailing. *See Liggett Restaurant Group, Inc. v. City of Pontiac, supra,* 260 Mich.App. at 134-135, 676 N.W.2d at 637.

### 7. Failure to Mitigate

Defendants have provided no factual support for this defense. Plaintiff, relying on its arguments against the proposed "failure to state a claim" defense, point out that it has attempted to mitigate its damages by requesting the appointment of a receiver on the same day this case was

filed.[2]  *See Doc. #2.* Because Defendants have failed to provide a factual basis for this claim, the motion to add this defense is denied.

### 8. Remaining Proposed Defenses of Prior Payment, Release, Waiver, Modification and/or Discharge; Contracts of Adhesion; Vagueness and/or Ambiguity; Public Policy; and Lack of Standing

Once again, Defendants have provided no factual or legal support for adding these defenses. Assuming that they would argue that the factual basis of their proposed defenses would be developed over the course of discovery, they may reassert them pursuant to Fed. R. Civ. P. 12(h).

### B. Proposed Counterclaims

Defendants request relief pursuant to 28 U.S.C. §§ 2201, 2202, declaring that they are not in breach of the mortgage loans or guarantees because of economic conditions outside of their control and should be excused from performing or extending deadlines contained in the Mortgage Loan "for at least a reasonable time after cessation of the force majeure events." *Proposed Counterclaim* at pg. 20-21. They also ask for a declaratory judgment enjoining enforcement of the guaranty by Defendants Marcus Yono and Francis Yono on the basis that there has been no breach of the loan, alleging that Fifth Third's "receipt of TARP funds constitutes payment, in whole or in part" of the loans. *Id.* at 21. Finally, they ask the Court to find that enforcing the loans or guarantees "would result in the unjust enrichment of Flathead." *Id.*

As discussed above, the theory that Fifth Third's receipt of TARP funds excuses Defendants from repayment of the loans and/or their duties as guarantors would be subject to dismissal pursuant to 12(b)(6). Defendants' further claim that the "financial tsunami," (*Proposed Counterclaim* at ¶20) relieved them of their obligations under loan or guarantor agreements is similarly without merit. Thus, Defendants' proposed claim for injunctive relief based on the same "TARP" and "financial tsunami" theories would also be subject to Rule 12(b)(6) dismissal.

---

[2] A receiver was appointed by the undersigned on December 9, 2009. *Doc. #35.*

## IV.  CONCLUSION

Defendants' Motion for Leave to Amend Responsive Pleadings [Doc. #142] is therefore DENIED.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: March 16, 2011

___

### CERTIFICATE OF SERVICE

I hereby certify on March 16, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 16, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217