UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLATHEAD-MICHIGAN I, LLC,

        Plaintiff,

v.

        Case Number 09-14043
        Honorable David M. Lawson

THE PENNINSULA DEVELOPMENT L.L.C.,
MARCUS W. YONO, FRANCIS F. YONO,
THE PENINSULA HOMEOWNERS
ASSOCIATION, JOHN SCHAEFER'S
BOBCAT & CEMENT SERVICES, INC.,
M.C. GUTHERIE LUMBER CO., and
GFCOLD, LLC,

        Defendants,

and

M.C. GUTHERIE LUMBER CO.

        Cross-Plaintiff,

v.

THE PENINSULA HOMEOWNERS
ASSOCIATION, BIG SHOOTER, INC.,
JOHN SCHAEFER'S BOBCAT & CEMENT
SERVICES, INC., M.C. GUTHERIE
LUMBER CO., PLUMBING CONCEPTS,
LLC, GFCOLD, LLC, THE PENNINSULA
DEVELOPMENT L.L.C., MARCUS W.
YONO, FRANCIS F. YONO, FLATHEAD-
MICHIGAN I, LLC,

        Cross-Defendants.
_____/

**ORDER GRANTING RECEIVER'S REQUEST FOR FEES AND AWARDING FEES**

        On October 13, 2009, the plaintiff moved for the appointment of a Receiver over the real

property involved in the parties' mortgage dispute. The case was referred to Magistrate Judge R.

Steven Whalen pursuant to 28 U.S.C. § 636. The parties reached a stipulation on the plaintiff's motion to appoint a Receiver on December 8, 2009, and Judge Whalen entered a stipulated order appointing John R. Latessa, Jr. of CB Richard Ellis as Receiver over the real property on December 9, 2009. Presently before the Court is the Receiver's request for payment, submitted as part of his motion for resignation filed on December 28, 2010.

The order appointing the Receiver granted the Receiver broad powers to manage and control the subject property and directed the Receiver to sell the real property "for the best price obtainable." Order Appointing Receiver [dkt #35], ¶ 11(a). The order also authorized compensation to the Receiver in an amount up to $250 per hour as an asset management fee, plus filing fees and compensation for hired professionals. Paragraph 12(b) provided that the Receiver's compensation was to be paid by the plaintiff and any professionals' compensations were to be paid first by rent, issues, revenues, profits, and other income from the property and second by the plaintiff. The order allowed the Receiver to resign upon notification to the Court that the receivership "is no longer practical" and following "an order of the Court accepting the Receiver's resignation." *Id.* ¶¶ 19-20.

On October 8, 2010, the Receiver filed a Notice of Resignation with the Court, stating that the receivership was no longer practical. The Receiver also moved on December 28, 2010 for an order accepting his resignation. No party objected to the resignation, and the Court accepted the resignation of Mr. Latessa as Receiver in an order dated May 12, 2011.

In its motion, the Receiver requested payment of his overdue compensation and the imposition of a first-priority lien on the property to secure the outstanding fee award. The plaintiff responded to that request initially and argued summarily that several of the Receiver's actions and charges were "unwarranted and excessive in terms of cost." Pl.'s Resp. ¶ 16; Br. In Support of Pl.'s

Resp. at 2-3.  Although the Receiver provided the Court with a "cumulative invoice" listing hours expended by date or service invoice number, the Receiver did not provide any description of the Receiver's activities or services provided for the fees charged and neither party had supplied the Court with a copy of the plaintiff's objections.  The Court concluded that it had no basis to evaluate whether to grant or deny the Receiver's requested compensation and ordered the parties to submit additional information about the charges and the plaintiff's challenges to the amounts requested.  Therefore, the Court's May 12, 2011 order included the following mandatory provision:

> It is further **ORDERED** that the plaintiff and the Receiver may submit additional information supporting or challenging the Receiver's requested compensation charges **on or before May 19, 2011**.  Failure to submit supporting documentation by the date stated will be deemed an abandonment of the fee request or the objections, as the case may be.

Order Granting in Part Receiver's Mot. For Resignation at Payment [dkt. #184] at 4.

On May 20, 2011, the Receiver filed a supplemental brief with the Court elaborating on his fee request, which the Court deemed timely because the one-day delay was caused by a malfunction of the Court's electronic filing system.  The plaintiff filed a supplemental brief in support of its objections on August 17, 2011, four months after the brief was due.  The plaintiff has not sought leave to extend the deadline under Federal Rule of Civil Procedure 6, which permits a court to extend deadlines where the party demonstrates good cause.  The plaintiff has made no effort to demonstrate good cause.  Therefore, the Court will consider the plaintiff's objections abandoned, as the Court stated in its May 12, 2011 order, and will grant the Receiver's request for fees.  The Receiver requests $16,125.00 in asset management fees, $7,917.20 in property management fees, $15,360.50 in insurance costs, and $22,745.40 in attorney's fees and costs, as well as a first-priority lien on the property as security for its outstanding bills.  The Receiver also requests that it be

excused from additional payments to The Peninsula Homeowners Association, due to the Association's request and that it be permitted to apply the balance of the receivership account in favor of the Receiver's outstanding bills.

The Court finds that the Receiver's requested fees are compensable under the authority granted to the Receiver in the Order Appointing Receiver. Therefore, the Court will award the Receiver $39,402.70 in fees from the plaintiff and $22,745.40 to be paid first by rent, issues, revenues, profits, and other income from the property and second by the plaintiff, pursuant to paragraph 12(b) of the Order Appointing the Receiver. The Court also finds that The Peninsula Homeowners Association waived its claim on the receivership account by failing to respond to the Receiver's motion or the Court's May 12, 2011 order and the Receiver may apply the balance of the receivership account against its outstanding bills. Finally, the Court concludes that it has the authority to impose a first-priority lien in favor of the Receiver on the subject property as security for the present fee award. *See Wallace v. Loomis*, 97 U.S. 146, 162 (1877); *Gardner v. Grand Beach Co.,* 48 F.2d 491, 492 (6th Cir. 1931); *see also In re Armstrong Glass Co., Inc.,* 502 F.2d 159, 161 (6th Cir. 1974); *Ypsilanti Fire Marshal v. Kircher*, 273 Mich. App. 496, 555, 730 N.W.2d 481, 517 (2007). The Receiver may place a lien on the subject property.

Accordingly, it is **ORDERED** that the Receiver's request for fees [dkt. #171, 185] is **GRANTED**.

It is further **ORDERED** that the Receiver may collect $39,402.70 in fees from the plaintiff and $22,745.40 in professionals' fees to be paid first by rent, issues, revenues, profits, and other income from the property and second by the plaintiff.

It is further **ORDERED** that the Receiver may impose a lien on the subject real property.

It is further **ORDERED** that the plaintiff's and defendant The Peninsula Homeowners Associations' objections or claims on the Receiver's requested fees are **DEEMED WAIVED**.

It is further **ORDERED** that the Receiver may apply the balance of the receivership account to its outstanding bills.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: August 19, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 19, 2011.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL