UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLATHEAD-MICHIGAN I, LLC,

        Plaintiff,

v.

        Case Number 09-14043
        Honorable David M. Lawson

THE PENNINSULA DEVELOPMENT L.L.C.,
MARCUS W. YONO, FRANCIS F. YONO,
THE PENINSULA HOMEOWNERS
ASSOCIATION, JOHN SCHAEFER'S
BOBCAT & CEMENT SERVICES, INC.,
M.C. GUTHERIE LUMBER CO., GFCOLD,
LLC, and JOHN A. LATESSA, JR.,

**ORDER GRANTING
DEFENDANT, CROSS-, AND
COUNTER-CLAIMANT M.C.
GUTHERIE LUMBER CO.'S
MOTION FOR SUMMARY
JUDGMENT**

        Defendants,

and

M.C. GUTHERIE LUMBER CO.

        Cross-Claimant,

v.

THE PENINSULA HOMEOWNERS ASSOCIATION,
BIG SHOOTER, INC., JOHN SCHAEFER'S
BOBCAT & CEMENT SERVICES, INC., M.C.
GUTHERIE LUMBER CO., PLUMBING CONCEPTS,
LLC, GFCOLD, LLC, THE PENNINSULA DEVELOP-
MENT L.L.C., MARCUS W. YONO, and FRANCIS F. YONO,

        Cross-Defendants,

and

M.C. GUTHERIE LUMBER CO.

        Counter-Claimant,

v.

FLATHEAD-MICHIGAN I, LLC,

        Counter-Defendant.

_____ /

**OPINION AND ORDER GRANTING DEFENDANT, CROSS- AND COUNTER-CLAIMANT M.C. GUTHERIE LUMBER CO.'S MOTION FOR SUMMARY JUDGMENT**

I.

The disputes among the parties in this case arise from a failed residential real estate development in Brighton, Michigan. Defendant The Peninsula Development LLC (Peninsula) and Fifth Third Bank entered into a construction loan agreement for a condominium development project on August 25, 2005. The loan was secured by a mortgage and guaranty agreements. Peninsula and Fifth Third Bank later entered into a loan modification and promissory note, again secured by a mortgage on one parcel of the property. Plaintiff Flathead-Michigan I, LLC acquired the entire loan portfolio from Fifth Third Bank on December 31, 2008. The plaintiff alleges that Peninsula breached the mortgages and defaulted on its obligations by executing a quit claim deed to defendant GFCOLD, LLC that purported to transfer Peninsula's rights, failing to pay taxes, and failing to pay contractors. The plaintiff alleges that the indebtedness has been accelerated and is due now, and it seeks to foreclose the mortgage.

Defendant, cross-, and counter-claimant M.C. Gutherie Lumber Company is a subcontractor who supplied lumber for the general contractor on the project. Gutherie has sued to enforce its construction lien. Although Gutherie obtained a consent judgment from the general contractor and fixed the amount owed, a dispute remains over the priority of the liens on the property, which is not worth enough in the present market to cover all the secured obligations. Gutherie filed a motion for summary judgment on September 29, 2010. No other party has responded to the motion, and the time for doing so has long passed. E.D.Mich. LR 7.1(e)(2)(B). The Court has reviewed the pleadings and motion papers and finds, despite the plaintiff and cross-defendants' failure to respond, that the papers adequately set forth the relevant facts and law and oral argument will not aid in the

disposition of the motion. Therefore, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The Court has considered the pleadings and the documents submitted by Gutherie, and determines that summary judgment for defendant and cross-plaintiff M.C. Gutherie Lumber Co. is appropriate.

II.

The standards for evaluating a motion for summary judgment are well known but bear repeating here. As the Sixth Circuit explained:

> Both claimants and parties defending against a claim may move for summary judgment "with or without supporting affidavits." Fed. R. Civ. P. 56(a), (b) [(2009)]. Such a motion presumes the absence of a genuine issue of material fact for trial. The court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). Once that occurs, the party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

*Alexander v. CareSource*, 576 F.3d 551, 557-58 (6th Cir. 2009). In addition, when "'reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party. . . . Thus, the facts and any inferences that can be drawn from those facts[] must be viewed in the light most favorable to the non-moving party.'" *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009) (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (citations

omitted)); *see also Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003) ("In evaluating the evidence, [the district court] 'draw[s] all reasonable inferences therefrom in a light most favorable to the non-moving party.'") (quoting *PDV Midwest Ref., LLC v. Armada Oil & Gas Co.*, 305 F.3d 498, 505 (6th Cir. 2002)).

Under Federal Rule of Civil Procedure 56(e)(2) and (3), "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)(3). Even prior to the recent amendment to Rule 56, the Sixth Circuit warned:

> Rule 56(e)(2) leaves no doubt about the obligation of a summary judgment opponent to make her case with a showing of facts that can be established by evidence that will be admissible at trial. Fed.R.Civ.P. 56(e)(2) [(2009)] ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial."). *In fact, "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."* *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002)).

*Alexander*, 576 F.3d at 558 (emphasis added). In responding to a motion for summary judgment, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir.1993). To reiterate, if the non-moving party fails to present such evidence to counter a well-

supported summary judgment motion, the Court may grant the motion on those grounds alone. *Everson*, 556 F.3d at 496.

This case is before this Court on the basis of diversity jurisdiction and involves no federal issues. 28 U.S.C. § 1132. Therefore, this Court must apply the law of the forum state's highest court. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If the state's highest court has not decided an issue, then "the federal court must ascertain the state law from 'all relevant data.'" *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir.1995) (quoting *Bailey v. V. & O Press Co.,* 770 F.2d 601, 604 (6th Cir.1985)). "Relevant data includes the state's intermediate appellate court decisions, as well as the state supreme court's relevant *dicta,* restatements of the law, law review commentaries, and the majority rule among other states." *Ososki v. St. Paul Surplus Lines,* 156 F. Supp. 2d 669, 674 (E.D. Mich. 2001) (internal quotation marks and citation omitted).

Under Michigan law, the Construction Lien Act governs the creation and satisfaction of construction liens. Mich. Comp. Laws § 570.1101 *et seq.*. The Michigan Supreme Court has stated that the purpose of the Act is "to protect the interests of contractors, workers, and suppliers through construction liens, while protecting owners from excessive costs," and that "[t]he act is to be liberally construed to effectuate these purposes." *Vugterveen Systems, Inc. v. Olde Millpond Corp.*, 454 Mich. 119, 121, 560 N.W.2d 43, 44 (1997).

The Construction Lien Act provides that "[a] construction lien arising under this act shall take priority over all other interests, liens, or encumbrances which may attach to the building, structure, or improvement, or upon the real property on which the building, structure, or improvement is erected when the other interests, liens, or encumbrances are recorded subsequent

to the first actual physical improvement." Mich. Comp. Laws § 570.1119(3). Actual physical improvement is defined as:

> actual physical change in, or alteration of, real property as a result of labor provided, pursuant to a contract, by a contractor, subcontractor, or laborer which is readily visible and of a kind that would alert a person upon reasonable inspection of the existence of an improvement. Actual physical improvement does not include that labor which is provided in preparation for that change or alteration, such as surveying, soil boring and testing, architectural or engineering planning, or the preparation of other plans or drawings of any kind or nature. Actual physical improvement does not include supplies delivered to or stored at the real property.

Mich. Comp. Laws § 570.1103(1). Actual physical improvement has been interpreted to required "visible, on-site construction work" on the property. *M.D. Marinich, Inc. v. Michigan Nat. Bank*, 193 Mich.App. 447, 454, 484 N.W.2d 738, 741 (1992).

For a party's construction lien to take priority over other interests recorded subsequent to the first actual improvement, it is not necessary that the party seeking to enforce the construction lien have been the one who made the first actual physical improvement. Michigan courts have held that liens created under the act "'attach as of the date of the commencement of the building, erection, or other improvement, regardless of the time when, or the person by whom, the particular work was done or the materials furnished for which a lien is claimed.'" *M.D. Marinich*, 193 Mich. App. at 452, 456, 484 N.W.2d at 740-41, 756 (quoting *Kay v. Towsley*, 113 Mich. 281, 283 71 NW 490 (1897); *see also First Community Bank v. Mountainaire, L.L.C.*, No. 293005, 2010 WL 4137525 at *3-4 (Mich. App. Oct. 21, 2010); *Abonmarch Consultants, Inc. v. Macatawa Bank Mortg. Co.*, No. 285281, 285283, 2009 WL 3930020 at *3 (Mich. App Nov. 19, 2009).

Gutherie states in its motion that visible improvements were made to the property prior to the recording of the first mortgage, including grading and clearing the property, installation of storm cellars, a water main, and concrete curbs, excavation of the building area of Building C (which

contained Units 50-52), and installation of fire hydrants. The defendant supports these statements with an affidavit by Daniel Warner, the owner of Warner Excavating, Inc., which made the improvements. In his affidavit, Warner states that these improvements took place after a contract was signed on May 28, 2003, and that all of the improvements were completed before August 2005, when the first mortgage was signed. Gutherie also presents the contract between Warner Excavating, Inc. and cross-defendant Peninsula Development LLC. No other party has responded to these assertions. The Court therefore will accept these assertions as undisputed. Fed. R. Civ. P. 56(e)(2).

Gutherie argues that because actual physical improvements to the property were made before the first mortgage was placed on the property, and because Gutherie's lien therefore relates back to the date of those improvements pursuant to *M.D. Marinich*, 193 Mich. App. at 456, 484 N.W.2d at 756, the Gutherie's construction lien has priority over the plaintiff's mortgage. The Court concludes that the improvements described by Gutherie constitute the sort of "visible, on-site construction work" that qualifies as actual physical improvement under the Construction Lien Act. Because it is undisputed that those improvements took place prior to the first mortgage on the property and because Gutherie's priority relates back to the date of those improvements under Michigan law, the Court concludes that Gutherie is entitled to summary judgment on its claim.

III.

The Court finds that Gutherie's motion for summary judgment is well-supported, and the cross-defendants and counter-defendant have failed to respond to the motion. The Court therefore concludes that no genuine issue of material fact exists as to defendant, cross-, and counter-claimant Gutherie's claim, and Gutherie is entitled to judgment in its favor as a matter of law.

Accordingly, it is **ORDERED** that the motion for summary judgment by defendant, cross-, and counter-claimant M.C. Gutherie Lumber Company [dkt. # 158] is **GRANTED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 29, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 29, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL